[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15323
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00193-MEF-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNON HARRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 2, 2014)

Before TJOFLAT, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Vernon Harrison appeals his convictions for one count of conspiracy to file

false claims, in violation of 18 U.S.C. § 286; eight counts of mail fraud, in

violation of 18 U.S.C. § 1341; eight counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5); and six counts of embezzlement of mail, in violation of 18 U.S.C. § 1709. These charges relate to a scheme in which Harrison, a former mail carrier, was charged with intercepting mail related to false tax returns filed by co-conspirators. Harrison raises two issues on appeal. First, he argues that the district court erred in denying his motion for a new trial because the evidence weighed heavily against the verdicts. Second, he argues that the district court erred in denying his motion for judgment of acquittal because the government failed to prove the necessary elements of embezzlement of mail. After careful review, we affirm.

## I.

We review the denial of a motion for new trial for abuse of discretion. United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001) (per curiam). We will affirm the district court unless we find that it made a clear error of judgment or applied the wrong legal standard. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004).

When considering a motion for a new trial based on the weight of the evidence, the district court "need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

However, the court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. Id. at 1312–13. "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. at 1313.

Harrison argues that the evidence from three key parts of the government's case, rather than supporting the verdict, actually weighed against it. First, he argues that a statement he made to a special agent with the U.S. Postal Service's Office of the Inspector General was not the confession the government portrayed it to be because he was not feeling well during the interview, which led him to be incoherent. Second, he argues that the trial testimony of his alleged co-conspirator Harvey James deserves no weight because James never made an in-court identification and had a history of lying. And third, he argues that although the pieces of mail identified in the indictment were addressed to residents on Harrison's mail route, suspicious mail was going to other routes as well and residents on his route continued to receive suspicious mail after he was removed from the route.

None of these three arguments persuade us that it would be a "miscarriage of justice to let the verdict stand." Martinez, 763 F.2d at 1313. On the first point, the record reflects that Harrison coherently and unequivocally admitted in his statement to giving pieces of mail to co-conspirator Greg Slaton in exchange for

3

money.  On the second point, we agree with the district court that James's testimony was adequately credible, and that the absence of an in-court identification did not eliminate the reasonable inference that Harrison was the person about whom James testified.  In any event, the jury listened to James's testimony, heard about his criminal history, and was free to believe or disbelieve him.  See United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).  On the third point, the district court credibly found that the patterns of suspicious mail on Harrison's route weighed in favor of affirming the jury's inference that Harrison was involved in the crime.  Harrison conceded that the majority of addresses used to obtain fraudulent tax refunds were on his postal route.  Taken together, the three challenged pieces of evidence do not meet the standard for granting the motion for a new trial.  Thus, the district court did not abuse its discretion by denying Harrison's motion for a new trial.

## II.

Harrison's argument regarding the denial of his motion for judgment of acquittal for embezzlement of mail hinges on the sole claim that the mail and debit cards he gave to Slaton did not belong to the people whose names appeared on the cards.  We review de novo the denial of his motion for judgment of acquittal, drawing all reasonable inferences in the government's favor.  United States v. Bowman, 302 F.3d 1228, 1237 (11th Cir. 2002) (per curiam).

4

Harrison's argument is contradicted by the relevant statute and not supported by any case law.  The statute at issue, 18 U.S.C. § 1709, provides:

> Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined under this title or imprisoned not more than five years, or both.

The government proved the necessary elements of embezzlement of mail.  The statute requires that the embezzled item was "intended to be conveyed by mail." 18 U.S.C. § 1709.  Despite Harrison's claim, the statute does not require that the item belong to the person whose name, if any, appears on it.  Harrison cites no authority for that proposition, and we have otherwise found none.  Harrison refers to only one case for support, which he admits "is not squarely on point with the issue presented in the instant matter."

Construed in the light most favorable to the government, the evidence permitted the jury to find Harrison guilty of the embezzlement of mail charges beyond a reasonable doubt.  Bowman, 302 F.3d at 1237.  As a result, the district court did not err in denying Harrison's motion for judgment of acquittal.

5

## III.

The district court did not abuse its discretion by denying Harrison's motion for a new trial, and it did not err in denying his motion for judgment of acquittal for embezzlement of mail. Therefore, the district court is **AFFIRMED.**